IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EARNEST HERRING                                                                                       PETITIONER

VS.                                                              CIVIL ACTION NO. 3:14CV65-DPJ-FKB

JIM HOOD and EARNEST LEE                                                              RESPONDENTS

## **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Earnest Herring and Respondents' motion to dismiss the petition as untimely. Having considered the motion and response, the Court concludes that the motion should be granted and the petition be dismissed with prejudice.

Herring was convicted in 1986 in the Circuit Court of Hinds County, Mississippi, of one count of rape. He was sentenced to serve a term of forty years. The Mississippi Supreme Court affirmed Herring's conviction and sentence on August 17, 1988. Herring did not file his federal habeas petition until on or after January 22, 2014.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Herring's petition was "filed" sometime between the date it was signed, January 22, 2014, and January 27, 2014, the date it was received and filed by this court,

>
> seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  AEDPA was enacted on April 24, 1996.  Where the conviction of a state prisoner became final before this date, the prisoner's conviction is considered final, for purposes of the Act, as of the date of enactment, and the one-year limitations period begins to run on that date.  *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004).   Thus, Herring had one year from that date, or until April 24, 1997, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. Petitioner failed to file any state court PCR application prior to April 24, 1997.  Thus, Herring's period for filing a habeas petition expired on that date, and his habeas petition is untimely.

In his response to the motion to dismiss, Herring argues that this Court should nevertheless entertain his claims on the merits because the state court did so.  On

October 10, 2013, Herring filed with the Mississippi Supreme Court an application for leave to proceed in the trial court with a PCR motion, alleging that he is serving an illegal sentence. Herring's application was untimely under Mississippi's post-conviction statute, which provides for a three-year limitations period. Miss. Code Ann. § 99-39-5(2). In an order dated December 4, 2013, the state court denied relief on the merits, without reference to the timeliness of the petition. Herring argues that since the state court ignored its own statute of limitations, this court should do likewise. There is, however, no authority for this position. The federal limitations period for habeas petitions and the state's limitations period for post-conviction motions are entirely separate and independent of one another.[2] An expired limitations period cannot be revived by the filing of a state PCR motion. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). The action of the state court in denying the motion on the merits did not somehow restart the federal clock.

Herring's habeas petition is untimely. For this reason the undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and

---

[2] Thus, even though a Mississippi state prisoner has three years in which to file for state relief, he must nevertheless file his state PCR motion within one year in order to preserve his right to file a federal habeas petition at the conclusion of his state proceedings. Otherwise, his one-year federal limitations period will have already run by the time he files for state relief.

3

legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day of June, 2014.

                                            <u>/s/ F. Keith Ball</u>
                                            UNITED STATES MAGISTRATE JUDGE