UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EARNEST HERRING                                                                                        PETITIONER

V.                                                                         CIVIL ACTION NO. 3:14cv65-DPJ-FKB

JIM HOOD and EARNEST LEE                                                                          RESPONDENTS

ORDER

This cause is before the Court on the Report and Recommendation [12] of the United States Magistrate Judge denying habeas relief under 28 U.S.C. § 2254. Petitioner Earnest Herring filed objections [10].

Herring is serving a 40-year sentence for a 1986 rape conviction. The Mississippi Supreme Court affirmed Herring's conviction and sentence in 1988. Herring filed for post conviction relief in state court on October 10, 2013, and the state court denied relief on December 4, 2013. Herring then filed the instant petition on January 22, 2014. Magistrate Judge F. Keith Ball recommended that Herring's petition be dismissed because it was not filed within the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Herring argues without elaboration that his case "fells [sic] within the exceptions of [§] 2244(d)(1)(B)–(D)." Title 28 U.S.C. § 2244 states in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Paragraphs (B) through (D) provide alternative points from which the one-year statute of limitations can run. None is applicable to Herring's case. He does not allege that the state took any action that prevented him from filing his petition. And the basis of his petition is neither a newly recognized constitutional right nor facts discovered since he was sentenced. In this case, the statute of limitations therefore began to run when Herring's conviction became final. Because Herring conviction became final before the AEDPA was enacted on April 24, 1996, his conviction is considered final as of the date of the AEDPA's enactment, and, as Judge Ball correctly found, the statute of limitations expired on April 24, 1997. *See Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 769 (5th Cir. 2005).

Herring next argues that the statute of limitations should not bar his petition because the state court ignored the untimeliness of his state petition for post-conviction relief and denied it on the merits. That the state court chose to consider the petition on the merits does not alter the procedural requirements of the AEDPA, and the one-year statute of limitations still applies. *See Melancon v. Kaylo*, 259 F.3d 401, 403, 407 (5th Cir. 2001) (dismissing § 2254 petition as untimely where state court had considered and denied habeas petition on the merits). Judge Ball correctly found that Herring's petition was filed well after the expiration of the AEDPA's one-year statute of limitations and is therefore untimely.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court. Herring's claims are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 17th day of July, 2014.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE